IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL ) <br> COALITION, et. al. ) <br>     Plaintiffs ) <br> ) <br>     v. ) <br> ) <br> MILLCREEK TOWNSHIP SEWER ) <br> AUTHORITY, et. al., ) <br>     Defendants ) | CIVIL ACTION NO. 05-59 ERIE <br> ELECTRONICALLY FILED |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER**

Plaintiffs seek to quash the subpoenas and request a protective order prohibiting Defendants from harassing, annoying, and unduly burdening Plaintiffs and their members by serial depositions of Plaintiffs' nine standing witnesses.[1] Plaintiffs have provided Millcreek Township Sewer Authority and Millcreek Township (collectively, "Defendants") with legally sufficient affidavits that easily meet the low threshold for standing. Plaintiffs have also offered to provide follow up information if needed. Insisting upon costly depositions or nothing, Defendants rejected any compromise and demand four days of depositions, apparently designed to explore all issues in the case with these nine witnesses. Plaintiffs respectfully request that the Court to quash the subpoenas and issue a protective order declaring that Plaintiffs have already produced affidavits that demonstrate standing and further discovery on the issue of standing is therefore inappropriate. This issue requires timely resolution by virtue of the fact that the subpoenas require the standing witnesses to appear beginning February 13, 2006.

---

[1] This number was originally ten at the time Plaintiffs responded to Defendants' Interrogatories. However we are withdrawing the name of Diane Daniels from our list of potential standing witnesses based on difficulties in contacting her.

**FACTUAL BACKGROUND**

As part of Plaintiffs' supplemental responses to discovery, Plaintiffs provided defendants with nine standing declarations[2] in support of the organizational standing of Plaintiffs Erie County Environmental Coalition (5 declarations, Exhibits 2-5), Gaia Defense League (7 declarations, Exhibits 1- 7), and PennEnvironment (2 declarations, Exhibits 8 & 9). On January 11, 2006, Defendants sent a facsimile to Plaintiffs requesting deposition dates for Plaintiffs' potential standing witnesses (Exhibit 10 hereto). On January 17, 2006, Plaintiffs, via mail, requested Defendants to review the declarations for any gaps before resorting to depositions. (Exhibit 11 hereto). On January 20, 2006, Defendants responded with a proposed schedule for depositions without identifying any deficiencies in the standing declarations. (Exhibit 12). Although Plaintiff offered to supplement the declarations or accept interrogatories directed at the declarants, on January 25, 2006, Defendants rejected this proposed stipulation and the alternatives (Exhibit 13 & 14), and proceeded with the Notices of Deposition served on each of the standing witnesses (instead of through Plaintiffs' counsel) at their homes or places of business.[3] The declarants were directed to bring several documents to the deposition, including documents that had already been requested and produced or which could have been requested from plaintiffs in a Request for Production. Defendants' actions have prompted the filing of this Motion for Protective Order.

**ARGUMENT**

**I.     A PROTECTIVE ORDER DENYING FURTHER DISCOVERY SHOULD BE ISSUED TO PREVENT HARASSMENT, ANNOYANCE, AND UNNECESSARY BURDEN**

A litigant's right to conduct discovery is regulated by a court's ability to prevent

---

[2] Plaintiff is sending the final version of the ninth declaration, the standing declaration for Audrey Weber.
[3] The standing witnesses are scheduled to be deposed at counsel for Defendants' office on February 13, 14, 15, & 16. Each standing witnesses is scheduled to testify for a two-hour increment.

discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b). As the Supreme Court has explained, "[b]ecause of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). Additionally, "[i]t is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse." Id. Therefore, the Court may deny discovery all together, Fed. R. Civ. P. 26(c)(1), or limit discovery "only to a method . . . other than that selected by the party seeking discovery . . . ." Id. at 26(c)(3).

It is clear that depositions of the standing declarants are being sought for improper purposes and should not be allowed. This is evident in three ways: (1) the standing declarations alone are legally sufficient, and thus Defendants are not entitled to depose Plaintiffs' standing witnesses; (2) the Defendants cannot make a showing of factual issues with the standing declarations justifying depositions; and (3) the burden of this discovery so outweighs the benefit that Plaintiffs have good cause justifying entry of a protective order.

> **A.    The Standing Affidavits are Sufficient to Support the Minimal Standing Requirements Required Under F.R.C.P. R. 56.**

The usual approach in environmental citizen suits is for the standing to be decided based upon affidavits or declarations submitted by the plaintiffs. *See* American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003) (affidavits from members and experts, attached to plaintiffs' summary judgment brief, are the "typical evidence" "usually used" to establish standing); Lujan v Nat'l Wildlife Fed'n, 497 U.S. 871 (1990); Gwaltney of Smithfield v. Chesapeake Bay Foundation, Inc., 484 U.S. 49 (1987). For precisely this reason, courts have rejected efforts by defendants to depose standing witnesses, holding that plaintiffs are entitled to

rely on affidavits. Southwest Center for Biological Diversity v. Clark, 90 F. Supp. 2d 1300 (D.N.M. 1999)(diversion for discovery could reach only to issues of standing and Defendants have not provided any indication that with or without discovery, it can create a factual dispute which would be material in the final analysis); Piney Run Pres. Ass'n v. County Com'rs of Carroll County, MD, 50 F. Supp. 2d 443 (D. Md. 1999), *vacated on other grounds*, 268 F.3d 255 (4th Cir. 2001)(District court could rely upon plaintiff's affidavit to establish standing for citizen suit under Clean Water Act; deposition was unnecessary absent evidence from defendant that affidavit was not credible); Lujan v Nat'l Wildlife Fed'n, 497 U.S. at 906-07 (Blackman, J., dissenting) (noting that District Court granted plaintiff's Motion to Quash the depositions of standing declarants who had submitted affidavits because such discovery would be unreasonably cumulative, duplicative, burdensome and expensive within the meaning of Rule 26).

The case at issue is a straightforward action brought under the Clean Water Act. There are no factual issues regarding Defendants discharge of pollutants into Walnut Creek without a discharge permit; there is only an issue of law as to whether such discharges constitute a violation of the Clean Water Act. Thus Plaintiffs truly believe that this case will be resolved by Summary Judgment.[4] In such a context, affidavits alone are sufficient to show standing, and as the Southwest Center and Piney Run cases make clear, depositions of such standing declarants is not appropriate.

### B. Defendants Have Failed To Demonstrate Any Deficiency Or Credibility Issues With Any Of The Standing Declarations.

To overcome the recognized prohibition against deposing standing declarants, Defendants need to demonstrate a deficiency or lack of credibility of the standing affidavits.

---

[4] The Court should allow Summary Judgment to move forward based on the affidavits of the standing declarants. If the Court finds that there is a genuine issue of material fact and this case moves forward to trial, at that time depositions of the standing declarants may be appropriate.

4

In Piney Run, the defendant claimed that the standing affidavit submitted by the plaintiff along with its summary judgment brief was inadequate and that a deposition was needed. 50 F. Supp. 2d. at 446. As here the defendant offered no need for its alleged need for a deposition. Id. The court rejected this argument, noting that the defendant had failed to provide any evidence that the witness was not credible. Id. The court concluded that the plaintiff's standing had adequately been established and there was no need for deposition, finding that "[a]bsent evidence from defendant that [plaintiff's] affidavit is not credible, such a deposition is unnecessary. Id.; Gwaltney, 484 U.S. at 65-66 holds the same. Here, Defendants have not provided any evidence that any of the standing witnesses are not credible. In this case, the Defendants' burden is very high because Plaintiffs need only establish that one party has standing, Military Toxics Project v. EPA, 146 F.3d 948, 954 (D.C. Cir. 1998) ("[I]f one party has standing in an action, a court need not reach the issue of standing of other parties when it makes no difference to the merits of the case."), and one witness can establish standing for an organization, *see* Sierra Club v. Browner, 843 F. Supp. 1304, 1310 (D. Minn. 1993).  Thus, Defendants must attack all nine declarations to justify the time and expense of depositions.  No such proof exists here, despite Plaintiffs' repeated requests to Defendant and offers to provide additional information to address these issues.

      **C.**    **Plaintiffs Have Good Cause Justifying A Protective Order Because The Burden Outweighs The Benefits.**

A party may not conduct discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(c)(3). Id. Therefore, a protective order should be issued upon a showing of good cause. Good cause has

5

been adequately demonstrated where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

   Here, Plaintiffs demonstrate good cause and seek to quash the subpoenas and for the Court to issue a protective order prohibiting the depositions of Plaintiffs standing declarants due to annoyance, harassment, and unnecessary burden. In this case, depositions of the standing declarants are unnecessary and burdensome. The witnesses' connections to the organizations vary significantly. Some of the declarants are mere members of the organizations identifying with the organizations cause and contributing monetarily through membership fees and donations, while other of the declarants are volunteer officers. However, none of the declarants are employed by these organizations and most have full-time jobs and would be required to take time off from work to testify.  In addition, the Defendants' Notice of Depositions requires four days of attorney time, which was not agreed to by Plaintiff and is burdensome considering Defendants have failed to allege that the affidavits provided are insufficient to demonstrate standing. Also, Defendants have requested that the standing declarants bring documents to the deposition that have previously been requested and produced as part of Defendants' Requests for Production or could have otherwise been requested as part of a Request for Documents because the standing witnesses are party witnesses. Finally, deposing the standing cannot create a factual dispute which would be material to the merits of this case. *See* Southwest Center, 90 F. Supp. 2d at 1311.

Defendants are clearly attempting to harass the standing witnesses. Defendants would not engage in discussions about stipulating to the scope of depositions of these witnesses or accept an alternative means to gaining the mysterious information that Defendants seek. Additionally, Defendants served subpoenas directly on these representatives of the Plaintiffs- all of these actions have been done in an attempt to harass and unnecessarily burden the Plaintiffs.  In light of the clear case law prohibiting depositions when adequate standing declarations exist, there is no benefit to Defendants from conducting these depositions.  Therefore, the burdens outweigh the benefits, and give Plaintiffs good cause for the protective order sought here and to quash the subpoenas.  The Court should issue an order protecting the standing witnesses from deposition.

## CONCLUSION

For the foregoing reasons, the Court should quash the subpoenas and issue an order protecting Plaintiffs from deposing by the Defendants.

Respectfully submitted,

s/ Jennifer A. Murphy
Jennifer A. Murphy, Esquire
PA90851
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474
(302) 477-2182
(302) 477-2032 (fax)
jennifer.a.murphy@law.widener.edu
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that I filed the foregoing document by electronic means utilizing the Court's CM/ECF system that will serve notice of electronic filing to Mark J. Shaw, Esq., McDonald, Illig, Jones & Britton, LLP, Attorney for Defendants on this 31st day of January, 2006.

        /s/ Jennifer A. Murphy
Jennifer A. Murphy- Pro-hac vice
Mid-Atlantic Environmental Law Center
c/o Widener University School of Law
4601 Concord Pike
P.O. Box 7474
Wilmington, DE  19803