IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL ) <br> COALITION, PENNENVIRONMENT, ) <br> INC. and THE GAIA DEFENSE LEAGUE, ) <br>     Plaintiffs ) <br> ) <br>         v.                                       ) <br> ) <br> MILLCREEK TOWNSHIP SEWER ) <br> AUTHORITY AND MILLCREEK ) <br> TOWNSHIP, ) <br>     Defendants ) | CIVIL ACTION NO. 05-59 ERIE <br> ELECTRONICALLY FILED |

## MOTION FOR RECONSIDERATION

Defendants MILLCREEK TOWNSHIP SEWER AUTHORITY and MILLCREEK TOWNSHIP ("Defendants"), by their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Motion for Reconsideration of the Court's February 1, 2006 Order quashing subpoenas and granting standing and state the following in support hereof:

1.  On January 31, 2006, Plaintiffs Erie County Environmental Coalition, PennEnvironment and the Gaia Defense League (hereinafter "Plaintiffs") filed a Motion to Quash Subpoenas and for Protective Order.

2.  On February 1, 2006, Defendants received the Court's Order dated February 1, 2006, granting Plaintiffs' Motion.

3.  Although the Court's Order reflects that the Court considered a response by Defendants, Defendants had not yet filed a response to the Motion that was filed the day before.

4.  The facts leading up to Plaintiffs' Motion are as follows:

    (a)    On October 25, 2005, Plaintiffs responded to discovery, identifying eight potential standing witnesses and promising to submit declarations for their standing witnesses;

    (b)    On January 11, 2006, with the close of discovery rapidly approaching on February 28, 2006, and with Plaintiffs having submitted only one declaration, Defendants sent a letter to counsel for Plaintiffs, requesting dates in February of 2006 for the depositions of the eight standing witnesses identified by Plaintiffs' counsel;

    (c)    In response, on January 17, 2006, Plaintiffs submitted declarations (two unsigned) for ten standing witnesses, added two people previously unidentified, and refused to provide any deposition dates;

    (d)    On January 20, 2006, counsel for Defendants again gave Plaintiffs the opportunity to provide dates by suggesting specific dates and times for depositions of the witnesses that Plaintiffs have identified;

    (e)    On January 24, 2006, Plaintiffs responded, refusing to provide deposition dates for these witnesses; and

    (f)    On January 25, 2006, in light of Plaintiffs' continued refusal and the impending close of discovery on February 28, 2006, Defendants proceeded to notice the depositions and serve subpoenas on these witnesses, but still offered to discuss the times and dates of those depositions.

5.     Under the Case Management Order, discovery in this case closes on February 28, 2006, with summary judgment motions being due on March 31, 2006.

6. The Defendants should be entitled to conduct depositions of the witnesses that Plaintiffs have identified to support standing.

7. Discovery in this case has been quite limited with each side making the Initial Disclosures and serving only one set of discovery requests. No parties have conducted any depositions to date.

8. Plaintiffs failed to establish any basis under Rules 26(c) or 45(c) which would enable the Court to limit the discovery of these standing witnesses.

9. Plaintiffs have not met their burden to limit discovery and quash the subpoenas where there has been no prior opportunity for Defendants to conduct discovery concerning the allegations made by the witnesses in their declarations, where the declarations raise serious issues of credibility, where there is no undue burden associated with conducting an estimated two-hour deposition in the county where the witnesses live, and where the Court did not balance the burden of the depositions against the Defendants' need because Defendants were not given an opportunity to respond to Plaintiffs' Motion before it was granted.

10. Plaintiffs also failed to present any legal support that would enable the Court to conclude that discovery should be limited to issues not related to standing. The case law cited by Plaintiffs does not stand for the proposition that depositions of standing witnesses who provide affidavits should not be allowed. To the contrary, the case law supports Defendants' right to conduct such depositions.

Wherefore, Defendants Millcreek Township Sewer Authority and Millcreek Township respectfully request this Honorable Court to reconsider its Order dated February 1, 2006, that it

- 4 -

vacate the Order dated February 1, 2006, and that it order Plaintiffs' standing witnesses to appear at depositions prior to February 28, 2006.

                Respectfully submitted,

                s / Mark J. Shaw
                Mark J. Shaw
                PA50763
                Robert E. Gandley
                PA82524
                MacDONALD, ILLIG, JONES & BRITTON LLP
                100 State Street, Suite 700
                Erie, Pennsylvania 16507-1459
                (814) 870-7607
                (814) 454-4647 (Facsimile)
                mshaw@mijb.com

                Attorneys for Defendants
                  Millcreek Township Sewer Authority
                  and Millcreek Township

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Motion for Reconsideration by electronic means utilizing the Court's CM/ECF system that will serve notice of electronic filing to the following attorney of record for Plaintiffs Erie County Environmental Coalition, PennEnvironment, Inc. and The Gaia Defense League, this 10th day of February, 2006:

>Jennifer A. Murphy, Esq.
>Mid-Atlantic Environmental Law Center
>4601 Concord Pike, P.O. Box 7474
>Wilmington, DE 19803-0474

>                     s / Mark J. Shaw
>                     Mark J. Shaw