**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIE COUNTY ENVIRONMENTAL** | ) | |
| **COALITION, et. al.** | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 05-59 ERIE** |
| | ) | **ELECTRONICALLY FILED** |
| **MILLCREEK TOWNSHIP SEWER** | ) | |
| **AUTHORITY, et. al.,** | ) | |
| **Defendants** | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION**

Plaintiffs oppose Millcreek Township Sewer Authority's and Millcreek Township's

(collectively, "Defendants") Motion for Reconsideration of this Court's February 1, 2006

decision to quash the subpoenas and issue an order protecting Plaintiffs' standing witnesses.

Plaintiffs incorporate by reference its January 31, 2006 Memorandum In Support of Plaintiffs'

Motion to Quash Subpoenas and For Protective Order.

Additionally, Defendants, despite extensive efforts to argue for reconsideration, still fail

to point out any need for the depositions, i.e. deficiencies in the standing declarations. It seems

Defendants only intent in demanding the depositions is to engage in a fishing expedition for

factual information outside the scope of standing. Defendants do at one juncture suggest a

credibility issue with two of the witnesses. Ms. Weber's and Mr. Davis' declarations do include

opinions regarding how they have been impacted by Millcreek's discharges into Walnut Creek,

however, these opinions in no way suggest that these declarants are liars or have some larger

ulterior motive. Additionally, Plaintiffs will not be using such statements for their factual validity

regarding the impact of Millcreek's discharges because Plaintiffs are not required to make such a

demonstration. Defendants' argument only demonstrates that Defendants are attempting to partake in a factual inquiry outside the scope of standing and beyond the factual issues in this case.

For the foregoing reasons, the Court should deny Defendants' request to reconsider its February 1, 2006 order quashing the subpoenas and protecting standing witnesses from deposition.

Respectfully submitted,

s/ Jennifer A. Murphy
Jennifer A. Murphy, Esquire
PA90851
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474
(302) 477-2182
(302) 477-2032 (fax)
jennifer.a.murphy@law.widener.edu
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document by electronic means utilizing the

Court's CM/ECF system that will serve notice of electronic filing to Mark J. Shaw, Esq.,

McDonald, Illig, Jones & Britton, LLP, Attorney for Defendants on this 14th day of February,

2006.

> /s/ Jennifer A. Murphy
> Jennifer A. Murphy- Pro-hac vice
> Mid-Atlantic Environmental Law Center
> c/o Widener University School of Law
> 4601 Concord Pike
> P.O. Box 7474
> Wilmington, DE  19803