IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL COALITION, PENNENVIRONMENT, INC. and THE GAIA DEFENSE LEAGUE,<br>    Plaintiffs<br><br>    v.<br><br>MILLCREEK TOWNSHIP SEWER AUTHORITY AND MILLCREEK TOWNSHIP,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO. 05-59 ERIE<br>    ELECTRONICALLY FILED<br><br>    JUDGE COHILL |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants MILLCREEK TOWNSHIP SEWER AUTHORITY and MILLCREEK TOWNSHIP, by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Defendants' Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR 56.1 of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania, and states the following in support thereof:

1. This action is a citizen suit filed by the Erie County Environmental Coalition, PennEnvironment, Inc. and the Gaia Defense League (collectively referred to as the "Plaintiffs") against the Millcreek Township Sewer Authority ("MTSA") and Millcreek Township ("Millcreek") (collectively the "Defendants") under Section 1365 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365.

2. In their Complaint, Plaintiffs allege that MTSA and Millcreek are in violation of the CWA. Specifically, Plaintiffs allege that MTSA and Millcreek have discharged sewage from their sewer system into Walnut Creek without a National Pollutant Discharge Elimination System Permit ("NPDES Permit") required by Section 1311 of the CWA, 33 U.S.C. § 1311 and, therefore, are in violation of the CWA.

3. In pertinent part, Plaintiffs seek the following relief in their Complaint. Plaintiffs ask this Court to order Defendants to assess and mitigate any environmental injuries caused by Defendants' discharges. Plaintiffs ask this Court to order Defendants to hire an independent expert to determine how Defendants can best comply with the requirements of the CWA. Plaintiffs ask the Court to order Defendants to develop adequate standard operating procedures and an environmental management system to enable Defendants to attain and maintain compliance.

4. Defendants move for summary judgment asserting that Plaintiffs' claims are barred under the Clean Water Act, that this Court lacks jurisdiction over certain of Plaintiffs' claims due to those claims being "wholly past" and/or moot, that the statute of limitations bars one of Plaintiffs' claims and that Plaintiffs have failed to produce any evidence to support the mandatory injunctive relief that they seek.

5. Defendants support this Motion for Summary Judgment with the following, all of which are incorporated herein by reference:

    (a) Concise Statement of Material Facts in Support of Defendants' Motion for Summary Judgment;

    (b) Appendix to Defendants' Motion for Summary Judgment;

    (c) Affidavit of George W. Riedesel;

  (d)  Affidavit of Brian P. McGrath;

  (e)  Affidavit of Gerald C. Allender;

  (f)  Affidavit of August E. Maas;

  (g)  Affidavit of Ricardo F. Gilson;

  (h)  Affidavit of Douglas D. Range; and

  (i)  Brief in Support of Defendants' Motion for Summary Judgment.

6. There are no genuine issues as to any material fact, and Defendants are entitled to judgment as a matter of law for the following reasons.

7. Plaintiffs' civil penalty action is barred by 33 U.S.C.§ 1319(g)(6)(A)(ii) and (iii) where the Department was diligently prosecuting Defendants under a state law comparable to 33 U.S.C. § 1319(g) prior to the commencement of Plaintiffs' citizen suit and where the Department has issued a final order under which Defendants paid civil penalties under a comparable state law.

8. This court lacks jurisdiction over Plaintiffs' claims for injunctive relief and civil penalties relating to the discharges from the manholes at 51st, and 52nd Streets and Zimmerly Road because the MTSA and Millcreek completed the project required by the 2003 COA that ensures that such discharges cannot reasonably be expected to occur at that location in the future prior to Plaintiffs filing suit in this case.

9. Plaintiffs' claims for injunctive relief and civil penalties relating to the discharges from the manholes at various locations are moot as the MTSA and Millcreek have completed projects required by the 2003 COA that ensure that such discharges cannot reasonably be expected to occur at those locations in the future.

10.     Plaintiffs' claim relating to the December 1, 1999 discharge is barred by the statute of limitations.

11.     Plaintiffs' request to order Defendants to assess and mitigate the environmental harm caused by the alleged illegal discharges must be rejected because Plaintiffs have failed to meet the standards required for the issuance of a mandatory injunction.

12.     Plaintiffs' request to order Defendants to obtain a publicly available independent assessment of the facility by a qualified individual or organization, agreed upon by all parties, to determine how the Defendants can best comply with the requirements of the CWA must be rejected because Plaintiffs have failed to meet the standards required for the issuance of a mandatory injunction.

13.     Plaintiffs' request to order the Defendants to develop adequate standard operating procedures and an environmental management system to enable Defendants to attain and maintain compliance must be rejected because Plaintiffs have failed to meet the standards required for the issuance of a mandatory injunction.

WHEREFORE, Defendants Millcreek Township Sewer Authority and Millcreek Township respectfully request this Honorable Court to enter summary judgment in its favor and against Plaintiffs Erie County Environmental Coalition, PennEnvironment, Inc. and the Gaia Defense League and bar in its entirety Plaintiffs' action under 33 U.S.C. 1365.  Alternatively, Defendants Millcreek Township Sewer Authority and Millcreek Township respectfully request that this Court grant them Partial Summary Judgment against Plaintiffs Erie County Environmental Coalition, PennEnvironment, Inc. and the Gaia Defense League with respect to

the wholly past violations, the claims that have become moot, the claim barred by the statute of limitations and the mandatory injunctive relief sought by the Plaintiffs.

        Respectfully submitted,

           s / Mark J. Shaw
        Mark J. Shaw
        PA50763
        Robert E. Gandley
        PA82524
        MacDONALD, ILLIG, JONES & BRITTON LLP
        100 State Street, Suite 700
        Erie, Pennsylvania 16507-1459
        (814) 870-7607
        (814) 454-4647 (Facsimile)
        mshaw@mijb.com

Attorneys for Defendants
  Millcreek Township Sewer Authority
  and Millcreek Township

Dated:  March 31, 2006

946502