IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL ) <br> COALITION, PENNENVIRONMENT, ) <br> INC. and THE GAIA DEFENSE LEAGUE, ) <br>     Plaintiffs ) <br> ) <br>     v.  ) <br> ) <br> MILLCREEK TOWNSHIP SEWER ) <br> AUTHORITY AND MILLCREEK ) <br> TOWNSHIP, ) <br>     Defendants ) | CIVIL ACTION NO. 05-59 ERIE <br> ELECTRONICALLY FILED |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE APPENDIX AND**
**LEAVE TO AMEND AND FILE STATEMENT OF FACTS**

Plaintiffs seek to file an Appendix and Amended Statement of Facts in order to comply with L.R. 56.1 of the Local Rules of Civil Procedure for the Western District of Pennsylvania.

**Relevant Facts**

Plaintiffs filed a timely Motion for Summary Judgment and a Brief in Support thereof in the above referenced case on March 31, 2006. (Murphy Aff. at ¶ 1 ). However, Plaintiffs failed to file a concise statement of facts and appendix as outlined in L.R. 56.1.B.1 of the Local Rules of Court for the Western District of Pennsylvania. (Murphy Aff. at ¶ 2 ). In Support of its Motion, Plaintiffs did aver facts in its Brief in Support of Summary Judgment and did attach to its Brief exhibits supporting facts relied upon in the Brief and incorporated by reference documents Plaintiffs previously filed in this case. (Murphy Aff. at ¶ 3). Attorney Jennifer Murphy did consult the Local Rules prior to filing Plaintiffs dispositive motion, but relied upon the paper version afforded to her at her admission ceremony dated July 31, 2003. (Murphy Aff. at ¶ 4). L.R. 56.1 was not enacted until after that version of the Rules. Attorney Murphy failed to check

for updates on the Court's website. (Murphy Aff. at ¶ 5). Attorney Murphy failed to recheck the Case Management Order to determine any specific requirements for filing a Motion for Summary Judgment. (Murphy Aff. at ¶ 5). This case is Mid-Atlantic Environmental Law Center's only case before the Western District of Pennsylvania and Attorney Murphy was not aware of the Rule at the time of filing. (Murphy Aff. ¶¶ 7, 8).

Defendants Millcreek Township and Millcreek Township Sewer Authority filed its Motion for Summary Judgment on March 31, 2006. Defendant filed with their Motion a Concise Statement of Material Facts and an Appendix. Attorney Murphy did review Defendants' Concise Statement of Facts but assumed it was filed in preparation of the joint concise statement of material facts that is to be filed on April 27, 2006. (Murphy Aff. at ¶ 6). On April 20, 2006 Defendants' filed its Response to Plaintiffs' Motion for Summary Judgment. Prior to filing Plaintiffs' Response to Defendants' Motion, Attorney Murphy briefly reviewed Defendants' filing, which alleged that Plaintiff had failed to file the procedure set forth in L.R. 56.1. (Murphy Aff. at ¶ 9). This is the first point that Attorney Murphy realized her error. (Murphy Aff. at ¶ 9).

On April 20, 2006, Plaintiffs filed its Brief in Opposition of Defendants' Motion for Summary, a Responsive Concise Statement of Facts, and its Concise Statement of Facts.

## **ARGUMENT**

The ability for a party to amend a pleading, upon leave of court, "shall be freely given when justice so requires. Fed.R.Civ.P. R. 15(a). In general, a court should not deny a leave to amend to cure a procedural defect unless: seeking the amendment is undue; the movant has acted in bad faith; amendment would cause prejudice to the opposing party; or the amendment will not cure the defect. *See* Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir.1992); *see also* Foman v. Davis, 371 U.S. 178,

182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir.1984. In general, the Third Circuit is hesitant to suppress briefs for failure to comply with court rules. *See* U.S. v. Somers, 552 F.2d 108, 115 (3d Cir. 1977).

Here, the delay in requesting Amendment is timely and not undue. Plaintiffs only discovered it error on April 20, 2006. This is Motion comes just on day after Plaintiffs discovered its error and Defendants' responded to Plaintiffs' Motion for Summary Judgment.[1] (Murphy Aff. at ¶ 9). Additionally, the time for briefing has not yet closed. Therefore, such a request is not undue and will not cause delay.

Plaintiffs are not acting in bad faith in requesting this Motion. Plaintiffs legitimately did not know the about rule. Additionally, Attorney for Plaintiffs respects the Rules and understands the seriousness of such error. (Murphy Aff. at ¶ 10). Allowing Plaintiffs to cure its procedural defect will not prejudice Defendants because the contents of the Appendix are documents that have been previously presented to both Defendants and the Court. Additionally, the facts to be used for the Concise Statement of Facts are derived from the facts presented in the Brief in Support of the Motion for Summary Judgment. Also, both parties are cooperating in preparing the joint statement of material facts.

If the Court grants Plaintiffs request and permits Plaintiffs to file a Concise Statement of Facts in Support of it Summary Judgment and a corresponding appendix, Plaintiffs failure to follow L.R. 56.1 will be cured. Allowing Plaintiffs to file an Appendix and a Concise Statement of Facts will not delay disposition of this case. Plaintiffs are prepared to immediately file these documents and briefing on Summary Judgment has not yet closed.

---

[1] The Federal Rules of Civil Procedure Rule 15(a) allows one amendment without leave of Court any time before a responsive pleading is served. F.R.C.P. R. 15(a).

The Third Circuit Court of Appeals did address a similar error in <u>Kushner v. Winterthur Swiss Ins. Co.</u>, 620 F.2d 404, 406-07 (3d. Cir. 1980), however, the circumstances surrounding that error were much different then that presented in this case. In <u>Kushner</u>, the Third Circuit dismissed Appellants' case for failure to comply with the Court Rules including a failure to enclose a notice of appeal. <u>Kushner</u> is distinguishable from the present situation because the briefing on the motion to dismiss was complete and the Court's disposition of the case was delayed due to the failure to comply. <u>Id</u>. The Court noted the judicial backlog and the immense amount of work as the necessity for such rules. <u>Id.</u> Additionally, the <u>Kushner</u> court reasoned that it felt comfortable in making such a decision because the Court was also dismissing the case on another ground that would allow the Appellant the opportunity to file a timely appeal. <u>Id</u>. at 407. Such is not the case here. Here, briefing has not been completed; therefore, the Court will not be delayed in disposing of this case.

## **CONCLUSION**

For the foregoing reasons, the Court should allow Plaintiffs to amend its Motion for Summary Judgment and file an Appendix and Amended Statement of Facts.


Respectfully submitted,

s/ Jennifer A. Murphy
Jennifer A. Murphy, Esquire
PA90851
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474
(302) 477-2182
(302) 477-2032 (fax)
jennifer.a.murphy@law.widener.edu
Attorney for Plaintiffs

5

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document by electronic means utilizing the Court's CM/ECF system that will serve notice of electronic filing to Mark J. Shaw, Esq., McDonald, Illig, Jones & Britton, LLP, Attorney for Defendants on this 21st day of April, 2006.

  /s/ Jennifer A. Murphy
Jennifer A. Murphy
PA 90851
Mid-Atlantic Environmental Law Center
c/o Widener University School of Law
4601 Concord Pike
P.O. Box 7474
Wilmington, DE  19803