IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL COALITION, PENNENVIRONMENT, INC. and THE GAIA DEFENSE LEAGUE,<br>    Plaintiffs<br><br>        v.<br><br>MILLCREEK TOWNSHIP SEWER AUTHORITY AND MILLCREEK TOWNSHIP,<br>    Defendants | CIVIL ACTION NO. 05-59 ERIE<br>ELECTRONICALLY FILED<br><br>JUDGE COHILL |

**DEFENDANTS' BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

AND NOW come defendants MILLCREEK TOWNSHIP SEWER AUTHORITY AND MILLCREEK TOWNSHIP and files this Brief in Opposition to Plaintiffs' Motion for Leave to Amend its Motion for Summary Judgment to File a Concise Statement of Material Facts, and states the following:

I.    Question Presented

>MUST PLAINTIFFS' MOTION FOR LEAVE TO AMEND BE DENIED AND/OR SANCTIONS AGAINST PLAINTIFFS BE ASSESSED WITH THE PAYMENT OF DEFENDANTS' ATTORNEYS' FEES ASSOCIATED WITH DEFENDING AGAINST THE PROCEDURAL FAILURES OF PLAINTIFFS, WHERE PLAINTIFFS' VIOLATIONS HAVE BEEN SIGNIFICANT, AND HAVE RESULTED IN AN UNDUE BURDEN UPON THE COURT AND SUBSTANTIAL PREJUDICE TO THE DEFENDANTS?

II.   Short Answer

>   YES, DENIAL OF THE MOTION AND/OR SANCTIONS FOR ATTORNEYS' FEES IS APPROPRIATE IN THE INSTANT CASE.

III.   Introduction

The instant case arises from a suit brought against the Millcreek Sewer Authority and Millcreek Township ("Defendants") for alleged violations of the Clean Water Act. Both parties filed motions for summary judgment, and have filed briefs in opposition to the respective cross motions. Defendants herein incorporate by reference its principle Brief in Opposition to Plaintiffs' Motion for Summary Judgment.

The present Motion results from Plaintiffs' failure to follow both the Local Rules of this Honorable Court and this Court's Case Management Order. As stated in Defendants' Brief in Opposition, Plaintiffs' flagrant failures to abide by the Rules of this Court provide, by themselves, sufficient ground to deny their Motion for Summary Judgment. While the present Motion attempts to portray Plaintiffs' lapses in procedural law as simple mistakes without consequence, Defendants reiterate that Plaintiffs' failure to submit all of the required portions of a Motion for Summary Judgment already seriously prejudiced the Defendants. Defendants respectfully request that this Honorable Court prevent a compounding of prejudice, and deny Plaintiffs' Motion for Leave to Amend and impose sanctions for the Plaintiffs' procedural failures by ordering Plaintiffs to pay Defendants' counsel fees that are directly attributable to Plaintiffs' omissions.

IV.    Argument

THE MOTION FOR LEAVE TO AMEND MUST BE DENIED BECAUSE DEFENDANTS HAVE SUFFERED PREJUDICE THAT WILL BE EXACERBATED BY PLAINTIFFS' REQUESTED AMENDMENT.

"Rules are not mere annoyances, to be swatted aside like so many flies, but, rather, . . . rules lie near the epicenter of the judicial process." Reyes-Garcia v. Rodriguez & Del Valle, Inc., 82 F.3d 11, 15 (1st Cir., 1996); see also Kushner v. Winterthur Swiss Ins. Co., 620 F.2d 404 (3d Cir., 1980). "Major infractions or patterns of repeated inattention warrant severe decrees. 'In the long run, ... strict adherence to ... procedural requirements ... is the best guarantee of evenhanded administration of the law.'" Reyes-Garcia, 82 F.3d at 15, quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497 (1980).[1]  Severe consequences should be reserved to those cases in which infringements of the rules create unfairness to one's adversary by impairing the court's ability to comprehend and scrutinize a party's submissions. Reyes-Garcia, 82 F.3d at 15.

In the instant case, Plaintiffs portray the failure to file a Concise Statement of Material Facts and the absence of an appendix of supporting documents as a reasonable, inconsequential error. Plaintiffs' counsel blames the omissions on recently amended Rules (Plaintiffs' Motion,

---

[1] We should note here that this is not Plaintiffs' first failure to follow the Procedural Rules of this Court. On November 15, 2005, Plaintiffs filed an Amended Complaint in violation of Rule 15 of the Federal Rules of Civil Procedure and this Court's Case Management Order. Plaintiffs withdrew the Amended Complaint after Defendants pointed out the violations. (See Exhibits 1-3: 11/28/05 Letter; Notice to Withdraw; Court's 11/30/05 Order).

¶ 6), and then asserts that Defendants will not be prejudiced by late amendments to their Motion. (Plaintiffs' Motion, ¶17).

The problem is that this Court's June 23, 2005 Case Management Order plainly referenced the Local Rule, <u>and</u> <u>explicitly</u> required the filing of a Concise Statement of Material Facts. (Case Management Order, 6/23/05, L.R. 56.1). The only possible way that such an error could have been made is by counsel's failure also to read the June 23, 2005 Case Management Order. Additionally, the need for an appendix does not just appear in the Local Rules, but also appears in the Federal Rules of Civil Procedure. (See Fed.R.Civ.P. 56). Plaintiffs even acknowledged this requirement in a footnote, before dismissively referencing affidavits submitted with earlier filings. Finally, Plaintiffs do not even address the complete lack of a cognizable motion in its Motion for Summary Judgment, which is also in violation of the Rules. (L.R. 56.1).

All of this demonstrates a pervasive disregard for the minimal requirements of procedural justice that, as in <u>Reyes-Garcia</u>, impairs defendants' and the court's ability to comprehend and scrutinize plaintiffs' submissions. As stated in Defendants' principle Brief in Opposition, a vexing issue from the outset of this case has been the Plaintiffs' complete failure to articulate the factual basis of its claim. To date, Plaintiffs have done little more than list a series of discharge events, and summarily state that these events justify substantial injunctive relief and civil penalties. As a result (as foretold by the Third Circuit Court of Appeals in <u>Kushner</u>), both the Defendants and the Court already have been unfairly tasked with the burden of culling through Plaintiffs' filings in search of possible unarticulated legal claims.

Beyond this obvious inequity that has been created by Plaintiffs' failures, Plaintiffs' omissions have also greatly prejudiced the Defendants. Defendants timely submitted their Brief

in Opposition to Plaintiffs' Motion for Summary Judgment on All Claims based upon the filings as they existed at that time. In that submission, Defendants pointed out the failings of Plaintiffs' Motion for Summary Judgment on All Claims, both procedurally and substantively. If Plaintiffs' Motion for Leave to Amend is granted, Plaintiffs essentially will have gained a one-month extension for filing their Motion for Summary Judgment, an advantage not shared by the Defendants. Further, as evidenced by their admission that their Motion for Leave to Amend is in response to Defendants' arguments, Plaintiffs effectively will have been given an opportunity to redo their Motion for Summary Judgment with the benefit of all of Defendants' arguments in opposition already laid out. The concerns in Kushner (shifting the burden of "making a case" to the non-moving party who has followed the Rules) will have been realized. By failing to adhere to the procedural Rules, if the Court grants Plaintiffs' Motion for Leave to Amend, Plaintiffs will have achieved the advantage Kushner seeks to prevent.

Additionally, Plaintiffs also maintain that the schedule laid out in the Case Management Order will not be disturbed if their Motion for Leave to Amend is granted. (Plaintiffs' Motion, ¶16). This is not correct. If the Court grants the Motion for Leave to Amend, Defendants will need sufficient time to respond and then the parties will need to file a Joint Concise Statement of Material Facts. Neither of these time frames is contemplated by the existing schedule in the Case Management Order. Further, Plaintiffs ignore the time that this Honorable Court necessarily will expend in deliberating upon the instant Motion for Leave to Amend, and the possible impact of that process on the schedule.

Finally, even if Plaintiffs are granted leave to amend their Motion for Summary Judgment with a concise statement and an appendix, this will still not address the lack of a cognizable motion. Further, it will not address the reality that the brief contains sweeping conclusory

statements without any real connection to the facts. A concise statement of facts, by itself, without any indication of how the facts relate to the legal argument, is unlikely to resolve the problems with Plaintiffs' Motion for Summary Judgment. Plaintiffs' Brief is flawed by the virtual absence of any facts or attribution to the sources thereof. Plaintiffs' amendments, as specified in the instant Motion for Leave to Amend, will not address this major problem.

For all of these reasons, Defendants respectfully requests that this Honorable Court deny Plaintiffs' Motion for Leave to Amend Motion for Summary Judgment.

### THE COURT MUST SANCTION PLAINTIFFS BY REQUIRING THE PAYMENT OF ATTORNEYS' FEES THAT DEFENDANTS INCURRED AS A DIRECT RESULT OF PLAINTIFFS' PROCEDURAL FAILURES.

Awarding attorneys' fees as a means of sanctioning a party is within the District Court's inherent power. Angelico v. Lehigh Valley Hosp., Inc. 184 F.3d 268, 279 (3d.Cir., 1999). See Chambers v. NASCO, Inc., 501 U.S. 32, 45, 111 S.Ct. 2123, 2133 (1991). A court may assess attorneys' fees as a sanction for the "disobedience of a court order." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622 (1975). The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resorting to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." Chambers v. NASCO, Inc. 501 U.S. 32, 46, 111 S.Ct. 2123, 2133 (1991).

Here, a sanction requiring Plaintiffs to pay the attorneys' fees incurred by Defendants due to Plaintiffs' blatant disregard of the Rules of this Court would be appropriate. Because of Plaintiffs' failure to follow the Rules, Defendants were obligated to point these failures out to the Court in its Brief in Opposition to Plaintiffs' Motion for Summary Judgment on All Claims. Now, Defendants are obligated to oppose Plaintiffs' Motion for Leave to Amend in an effort to protect their interests. All of this effort could have been avoided if Plaintiffs had simply read the Case Management Order, the Local Rules and the Federal Rules.

As a result, Defendants request to be made whole for the legal fees incurred in defending against the procedural flaws in Plaintiffs' Motion for Summary Judgment and again in this Motion for Leave to Amend. This sanction is particularly appropriate where these expenses could easily have been avoided had Plaintiffs read the Rules. Upon such Order, Defendants will submit to this Court a bill of costs detailing the legal fees incurred.

For all of these reasons, if the Court grants Plaintiffs' Motion for Leave to Amend, Defendants respectfully request that this Honorable Court sanction Plaintiffs, ordering them to pay Defendants for legal fees incurred in defending against Plaintiffs' procedural failures.

Respectfully submitted,

s / Mark J. Shaw
Mark J. Shaw
PA50763
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7607
(814) 454-4647 (Facsimile)
mshaw@mijb.com

Attorneys for Defendants
   Millcreek Township Sewer Authority
   and Millcreek Township

Dated: April 28, 2006

951572

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2006, the foregoing Defendants' Brief in Opposition to Plaintiffs' Motion for Leave to Amend was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

                                    s / Mark J. Shaw  
Mark J. Shaw  
PA 50763  
MacDONALD, ILLIG, JONES & BRITTON LLP  
100 State Street, Suite 700  
Erie, Pennsylvania 16507-1459  
(814) 870-7607  
(814) 454-4647 (facsimile)  
mshaw@mijb.com (e-mail)

# MacDonald Illig Jones & Britton LLP

ATTORNEYS AT LAW

100 STATE STREET, SUITE 700
ERIE, PENNSYLVANIA 16507-1459

814-870-7600

FAX 814-454-4647

www.mijb.com

Direct Dial 814-870-7607

E-Mail mshaw@mijb.com

T. WARREN JONES
EDWARD W. GOEBEL, JR. (REG. PAT. ATTORNEY)
JAMES D. CULLEN
WILLIAM R. BROWN
ROGER H. TAFT (ALSO ADMITTED IN NY)
DAVID E. HOLLAND
W. PATRICK DELANEY
JAMES M. ANTOUN
JAMES R. WALCZAK (ALSO ADMITTED IN DC)
RUSSELL S. WARNER
MARCIA H. HALLER
JAMES E. SPODEN (ALSO ADMITTED IN IL)
DALE E. HUNTLEY
JOHN W. DRASKOVIC

JOHN J. MEHLER
MATTHEW W. McCULLOUGH
SUSAN FUHRER REITER
RICHARD J. PARKS (ALSO ADMITTED IN OH)
MARK J. SHAW
JOHN F. MIZNER (ALSO ADMITTED IN NY)
CRAIG R.F. MURPHEY
DANIEL M. MILLER
SHAUN B. ADRIAN
KIMBERLY A. OAKES
LISA SMITH PRESTA
STEVEN C. BECKMAN
THOMAS A. PENDLETON
JOHN A. LAUER

LAURA POPOFF STEFANOVSKI
BRUCE L. DECKER, JR.
WALTER E. DEACON, III (ALSO ADMITTED IN WY)
GREGORY P. ZIMMERMAN (ALSO ADMITTED IN NY)
ROBERT E. GANDLEY
CATHERINE MOODEY DOYLE
JON L. WOODARD (REG. PAT. ATTORNEY)
DAVID F. DIETEMAN
KATHLEEN HAYNE ROBERTSON
SCOTT T. STROUPE
MATTHEW W. FUCHS (ALSO ADMITTED IN NJ)
RYAN A. CHRISTY
DAWN ROOTH SCHULTZ
MARISSA A. SAVASTANA
JENNIFER BROSTMEYER HIRNEISEN

JONATHAN M. D'SILVA (REG. PAT. ATTORNEY)
MEREDITH SCHULTZ
MICHAEL P. THOMAS
—
HENRY A. MacDONALD (1928-1984)
WILLIAM F. ILLIG (1946-1989)
FREDERICK F. JONES (1939-1977)
JOHN E. BRITTON (1948-2004)
—
PETER G. SCHAAF (RETIRED)
JOHN D. WILSON (RETIRED)
JOHN J. STROH (RETIRED)
NORMAN H. STARK (RETIRED)

November 28, 2005

**VIA FACSIMILE**

Jennifer A. Murphy, Esq.
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474

Re:   Erie County Environmental Coalition, et al. v.
       Millcreek Township Sewer Authority, et al.
       Civil Action No. 05-59 Erie
       United States District Court
       Western District of Pennsylvania

Dear Jennifer:

We have received and reviewed your Amended Complaint. Unfortunately, your Amended Complaint was filed in violation of both the Court's Case Management Order and Rule 15 of the Federal Rules of Civil Procedure.

Under Paragraph 4 of the Case Management Order dated June 23, 2005, the parties were to move to amend the pleadings on or before November 4, 2005. It appears that your Amended Complaint was filed on November 15, 2005, without motion. Thus, your Amended Complaint was filed in violation of the Court's Case Management Order.

In addition, Rule 15 of the Federal Rules of Civil Procedure provides that once an Answer to a Complaint has been served, the party may amend its complaint only by leave of court or by written consent of the adverse party. In this case, the Court has not granted plaintiffs leave to file this Amended Complaint, nor have the defendants consented to its filing.

If plaintiffs take no action to correct these violations; i.e., filing a motion with the court seeking leave to file the Amended Complaint, defendants will have no choice but to file a motion to strike, citing these two violations. If the plaintiffs do not file their motion for leave to file by Friday, December 2, 2005, defendants will promptly file their motion to strike.

Exhibit 1

November 28, 2005
Page -2-

If you have any questions, please do not hesitate to contact me at 814-870-7607.

        Very truly yours,

        MacDONALD, ILLIG, JONES & BRITTON LLP

        By_____
                Mark J. Shaw

MJS/tmb/923366
cc Via Facsimile:
    Millcreek Township Sewer Authority
    Millcreek Township

```
**************************************************************************
*                          TRANSACTION REPORT                    P. 01    *
*                          ─────────────────                              *
*                                              NOV-28-2005 MON 10:14 AM   *
*        FOR:                                                             *
*------------------------------------------------------------------------*
*   SEND                                                                  *
*   DATE  START     RECEIVER         TX TIME  PAGES TYPE   NOTE    M#  DP *
*   NOV-28 10:13 AM #42813024772032    49"      3   FAX TX  OK     989    *
*------------------------------------------------------------------------*
*                                      TOTAL :  49S PAGES:  3             *
**************************************************************************
```



# MacDonald Illig Jones & Britton LLP
## ATTORNEYS AT LAW

DIRECT DIAL 814-870-7607           MARK J. SHAW, ESQ.           mshaw@mijb.com

---

### FAX COVER SHEET

Date    November 28, 2005

We are transmitting ___3___ pages to you, including this page.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL THE FAX OPERATOR LISTED BELOW AS SOON AS POSSIBLE:

**DELIVER TO:**    Jennifer A. Murphy, Esq.
                   Mid-Atlantic Environmental Law Center

**FAX NUMBER:**    1-302-477-2032

**FROM:**          Mark J. Shaw, Esq.

```
***************************************************************
*                      TRANSACTION REPORT                 P. 01 *
*                      _____                      *
*   FOR:                                   NOV-28-2005 MON 10:16 AM *
*                                                               *
*   SEND                                                        *
*   DATE  START     RECEIVER     TX TIME  PAGES TYPE  NOTE    M# DP *
*   NOV-28 10:14 AM #4284535566   1'23"     3  FAX TX  OK        990 *
*                                                               *
*                                  TOTAL :   1M 23S  PAGES:  3  *
***************************************************************
```



# MacDonald Illig Jones & Britton LLP

### ATTORNEYS AT LAW

DIRECT DIAL 814-870-7607          MARK J. SHAW, ESQ.                    mshaw@mijb.com

---

### FAX COVER SHEET

Date:   November 28, 2005

We are transmitting ___3___ pages to you, including this page.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL THE FAX OPERATOR LISTED BELOW AS SOON AS POSSIBLE:

**DELIVER TO:**     Evan E. Adair, Esq.
                    Millcreek Township Solicitor
                    Williams and Adair

**FAX NUMBER:**     453-5566

**FROM:**           Mark J. Shaw, Esq.

```
                          TRANSACTION REPORT                      P.01

                                                         NOV-28-2005 MON 10:17 AM
      FOR:


     SEND
DATE   START    RECEIVER       TX TIME   PAGES TYPE      NOTE          M#  DP
NOV-28 10:16 AM #4288356615      28"       3   FAX TX     OK           991

                                         TOTAL :      28S PAGES:   3
```



# MacDonald Illig Jones & Britton LLP

## ATTORNEYS AT LAW

DIRECT DIAL 814-870-7607          MARK J. SHAW, ESQ.                mshaw@mijb.com

---

### FAX COVER SHEET

Date      November 28, 2005

We are transmitting ___3___ pages to you, <u>including</u> this page.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL THE FAX OPERATOR LISTED BELOW AS SOON AS POSSIBLE:

**DELIVER TO:**          **George W. Riedesel, Executive Director**
                         **Millcreek Township Sewer Authority**

**FAX NUMBER:**          835-6615

**FROM:**                Mark J. Shaw, Esq.

IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL COALITION,<br>501 E 38th Street, Erie, PA 16546, and<br><br>PENNENVIRONMENT, INC.,<br>1334 Walnut Street, 6th Floor, Philadelphia, PA 19107,<br><br>and<br><br>THE GAIA DEFENSE LEAGUE,<br>912 West 2nd Street, Erie, PA 16507,<br><br>Plaintiffs,<br><br>v.<br><br>MILLCREEK TOWNSHIP SEWER AUTHORITY,<br>3608 West 26th Street<br>Erie, PA 16506, and<br><br>MILLCREEK TOWNSHIP<br>3608 West 26th Street<br>Erie, PA 16506,<br><br>Defendants. | ) Civ. Act. No: 05cv59<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) FOR INJUNCTIVE AND<br>) DECLARATORY<br>) RELIEF AND FOR<br>) CIVIL PENALTIES<br>) *Electronic Filing*<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE TO WITHDRAW

Plaintiffs, Erie County Environmental Coalition, PennEnvironment, Inc. and The Gaia Defense League hereby request the Court to withdraw Plaintiffs' Amended Complaint filed electronically November 15, 2005. Plaintiffs mistakenly filed this document without leave of Court.

Respectfully submitted,

s/ Jennifer A. Murphy
Jennifer A. Murphy, Esquire
PA90851
Mid-Atlantic Environmental Law Center

1

Exhibit 2

Case 1:05-cv-00059-MBC Document 12 Filed 04/28/2005 Page 2 of 3

4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474
(302) 477-2182
(302) 477-2032 (fax)
jennifer.a.murphy@law.widener.edu
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document by electronic means utilizing the Court's CM/ECF system that will serve notice of electronic filing to Marc J. Shaw and Robert Ernest Gandley of MacDonald, Illig, Jones & Britton LLP, Attorneys for Defendants, on this 28th day of November, 2005.

    s/ Jennifer A. Murphy
Jennifer A. Murphy, Esquire
PA90851
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474
(302) 477-2182
(302) 477-2032 (fax)
jennifer.a.murphy@law.widener.edu
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA
WESTERN DISTRICT

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL COALITION, et al. | ) Civ. Act. No: 05cv59 ) |
| | ) FOR INJUNCTIVE AND ) DECLARATORY |
| Plaintiffs, | ) RELIEF AND FOR ) CIVIL PENALTIES |
| v. | ) *Electronic Filing* ) |
| MILLCREEK TOWNSHIP SEWER AUTHORITY, et al. | ) ) ) |
| Defendants. | ) ) |

## PROPOSED ORDER

AND NOW, to-wit, this __30th__ day of __Nov.__, 2005 it is hereby ORDERED, ADJUDGED, and DECREED that:

THIS MATTER having come before the Court on Plaintiffs' Motion to Withdraw, that plaintiff shall be permitted to withdraw its Amended Complaint.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

Exhibit 3