IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL )<br>COALITION, et. al., )<br>    Plaintiffs ) <br> ) <br>    v. ) <br> ) <br>MILLCREEK TOWNSHIP SEWER ) <br>AUTHORITY, et. al., ) <br>    Defendants ) | CIVIL ACTION NO. 05-59 ERIE <br> ELECTRONICALLY FILED <br><br> JUDGE COHILL |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Plaintiffs Erie County Environmental Coalition, PennEnvironment, and Gaia Defense League (collectively known as "Plaintiffs") submit this reply in response to Defendants' Brief in Opposition to Plaintiffs' Motion for Leave to Amend. In its opening Brief, Plaintiffs admitted to failing to follow the procedure as set out in the Local Rules of Court for the United States District Court for the Western District of Pennsylvania and the Case Management Order and requested the Court to allow Plaintiffs to cure the procedural defect. Plaintiffs demonstrated that: 1) the request was timely; 2) Plaintiffs did not act in bad faith; 3) allowing amendment would not cause prejudice to Defendants; and 4) amendment will cure the procedural defect. In response to Defendants' brief that argues Plaintiffs' behavior causes prejudice, creates undue delay, and is cause for sanctions, Plaintiffs submit the following:

**I.    Plaintiffs' Procedural Error Has Not Resulted In Undue Burden and Has Not Caused Defendants Any Prejudice.**

Plaintiffs admit they have made a mistake and are seeking to cure their procedural error. Plaintiffs are not requesting to "redo" its Motion for Summary Judgment but to add a proper

Appendix and a Concise Statement of Facts. Plaintiffs' Appendix includes documents that have previously been attached as exhibits to its Motion for Summary Judgment and its Motion to Quash, as incorporated therein. Plaintiffs' prior exhibits will merely be combined into a single document with continuous numbering. In regard to the Concise Statement of Facts, Plaintiffs have extracted facts from the Brief in Support of Summary Judgment. The addition of a single document appendix and a repackaging of facts hardly constitute a "redo" of Plaintiffs' Brief, which would amount to a month extension.

Specifically, Plaintiffs' Concise Statement of Material Facts consists of approximately sixty-five statements that Defendants have notice thereof. *See* Doc. 44, April 20, 2006. The time required to respond to the Statements will be minimal considering Plaintiffs were able to respond to well over 400 facts in 20 days. Also, the Joint Statement of Facts should take minimal time as well, considering the document merely places side by side Plaintiffs' statements and Defendants' responses thereto.

Defendants will not be prejudiced if the Court grants the Request to Amend because Defendants have seen all the documents that Plaintiff intends to file as part of its Appendix. Additionally, Plaintiffs have filed the same Concise Statement of Facts in response to Defendants' Facts as permitted under the Local Rules. *See* Doc. 44, April 20, 2006. Therefore, prior to Defendants' responding to this Motion, Millcreek was aware of the specific facts Plaintiff intends to file as part of its Motion for Summary Judgment. On April 24, 2006, Plaintiffs emailed Defendants' counsel in an attempt to have Defendants respond to Plaintiffs' facts in order to curb any delay and in an attempt to meet the Joint Concise Statement deadline. (Ex. 1, email to Mark Shaw from Jennifer Murphy, 4/24/06). Defendants declined on April 25, 2006 noting that they intended to file a Response to Plaintiffs' Motion to Amend. (Ex. 2, email to

Jennifer Murphy from Mark Shaw, 4/25/06). Therefore, Plaintiffs have attempted to curb any potential delay and thus no prejudice has been caused to Defendants.

Plaintiffs recognize there is an issue and are attempting to address the procedural problem Defendants have raised. Defendants are attempting to escalate this error into sanctionable conduct. However, sanctions are not supported by the facts herein. Plaintiffs have not acted in bad faith but rather misread the Local Rules resulting in a procedural irregularity. Additionally, Plaintiffs are not trying to hide or misrepresent the facts; Plaintiffs merely need to repackage the facts and exhibits into the proper form as required by the Court. Therefore, Plaintiffs are requesting just that – the opportunity to amend its Motion for Summary Judgment by submitting to the Court a Concise Statement of Facts and a proper Appendix.

Additionally, the amount of time Defendants have spent on this issue is minimal. Defendants' claim regarding the failure to state a claim against Plaintiffs goes well beyond any procedural issues and should be resolved at Summary Judgment. Defendants continue to assert the Plaintiffs' Amendment will not cure the issue. Whether Plaintiffs have stated a legally recognizable claim is an issue to be resolved during the course of Summary Judgment and is not an issue for this Motion. Defendants have made such an argument in its Brief in Opposition to Summary Judgment and Plaintiffs plan to respond to that argument in a reply brief. Therefore, this Court will have the opportunity to address whether Plaintiffs have stated a claim at that time.

Moreover, Defendants' assertion that curing the procedural defect will not cure Plaintiffs' overall argument is only further demonstration that Defendant has not and will not be prejudiced because whether or not Plaintiffs cure its procedural defect does not impact Defendants' overall argument. Therefore, Plaintiffs conduct has not caused prejudice, will not create undue delay, and does not support the imposition of sanctions.

For the reasons set forth above and in Plaintiffs' Brief in Support, the Court should grant Plaintiffs' Request to Amend its Motion in Support of Summary Judgment and allow Plaintiffs to file a Concise Statement of Facts and Appendix in support thereof.

Respectfully submitted,

s/ Jennifer A. Murphy
Jennifer A. Murphy, Esquire
PA90851
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474
(302) 477-2182
(302) 477-2032 (fax)
jennifer.a.murphy@law.widener.edu
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document by electronic means utilizing the Court's CM/ECF system that will serve notice of electronic filing to Mark J. Shaw, Esq., McDonald, Illig, Jones & Britton, LLP, Attorney for Defendants on this 3rd day of May, 2006.

   /s/ Jennifer A. Murphy
Jennifer A. Murphy
PA 90851
Mid-Atlantic Environmental Law Center
c/o Widener University School of Law
4601 Concord Pike
P.O. Box 7474
Wilmington, DE  19803