IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL COALITION, PENNENVIRONMENT, INC. and THE GAIA DEFENSE LEAGUE,<br>　　Plaintiffs<br><br>　　　　v.<br><br>MILLCREEK TOWNSHIP SEWER AUTHORITY AND MILLCREEK TOWNSHIP,<br>　　Defendants | CIVIL ACTION NO. 05-59 ERIE<br>ELECTRONICALLY FILED<br><br>JUDGE COHILL |

**SUPPLEMENT TO BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN
<u>OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>**

Defendants MILLCREEK TOWNSHIP SEWER AUTHORITY and MILLCREEK TOWNSHIP, by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Supplement to Brief in Support of Defendants' Motion for Summary Judgment and Brief in Opposition to Plaintiffs' Motion for Summary Judgment:

I.   <u>Introduction</u>

Since the filing of Defendants' Motion for Summary Judgment, several events have occurred that add further support to the arguments raised by Defendants Millcreek Township Sewer Authority ("MTWA") and Millcreek Township ("Millcreek") in their Motion for

Summary Judgment and Brief in Support of Motion for Summary Judgment. Specifically, MTSA and Millcreek supplement the argument made under Section C of the Brief:[1]

> C. PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AND CIVIL PENALTIES RELATING TO THE DISCHARGES FROM THE MANHOLES AT VARIOUS LOCATIONS ARE MOOT AS THE MTSA AND MILLCREEK HAVE COMPLETED PROJECTS REQUIRED BY THE 2003 COA THAT ENSURE THAT SUCH DISCHARGES CANNOT REASONABLY BE EXPECTED TO OCCUR AT THOSE LOCATIONS IN THE FUTURE.

II.   Supplemental Argument

Since the filing of the Motion and Brief, additional events have occurred that further support MTSA's and Millcreek's argument that Plaintiffs' claim for injunctive relief and civil penalties relating to the overflow at the manholes at 51st and 52nd Streets and Zimmerly Road, and Larchmont and Beaver Streets, and Church and Patton and Pershing Streets have become moot.

Millcreek has continued its work to remove illegal connections to its sanitary sewer system that introduce storm water into the sanitary system. In addition to the elimination of the 41 alleged connections referenced in defendants' initial Motion and Brief, MTSA and Millcreek have eliminated 11 additional illegal connections in the areas that feed into the Larchmont and Beaver Streets and Church and Patton and Pershing Streets areas. (Second Supp. Aff. of

---

[1] This also supplements the arguments made under Sections B and E of Defendants' Brief in Opposition to Plaintiffs' Motion for Summary Judgment on All Claims.

- 2 -

G. Riedesel, ¶ 8). It is estimated that on average, the removal of these 11 illegal connections has reduced peak flow through the Beaver Run Interceptor by another 80,000 gallons a day of peak instantaneous flow. (Second Supp. Aff. of G. Riedesel, ¶ 9). Thus, the total number of illegal connections eliminated to date in these areas through the program implemented by MTSA and Millcreek is 52. (Second Supp. Aff. of G. Riedesel, ¶ 10). The total reduced peak flows through the Beaver Run Interceptor from the elimination of these 52 illegal connections is 0.303 MGD instantaneous peak flow. (Second Supp. Aff. of G. Riedesel, ¶ 11).

The elimination of these illegal connections has removed a significant volume of storm water that was contributory to the overflows, which had to be pumped out of these locations. In fact, since September 9, 2004, there have been no overflows at any of the manhole locations, a period of nearly 29 months.

In addition, MTSA and Millcreek have conducted 267 additional inspections in the areas tributary to the manholes in the Larchmont and Beaver Streets and Church and Patton and Pershing Streets areas. (Second Supp. Aff. of G. Riedesel, ¶ 4). The total number of inspections in the areas tributary to the three manhole overflow areas now exceeds 600. (Second Supp. Aff. of G. Riedesel, ¶ 5). MTSA and Millcreek have completed all of the inspections in the Church and Patton and Pershing Streets area; and expects to complete the inspections in the Larchmont and Beaver Streets area by mid-2007. (Second Supp. Aff. of G. Riedesel, ¶¶ 6-7). Thus, MTSA and Millcreek are continuing to diligently comply with the 2003 Consent Order and Agreement entered into with the Pennsylvania Department of Environmental Protection ("2003 COA").

The completion of the Beaver Run Interceptor further supports MTWA's and Millcreek's arguments that Plaintiffs' claims associated with the overflows at the manholes in the Larchmont and Beaver Streets area and the Church and Patton and Pershing Streets area are moot. First,

there have been no overflows from the manholes in those areas since September 9, 2004, nearly 29 months ago. (Second Supp. Aff. of G. Riedesel, ¶ 1). Second, the over-the-surface solution pending final construction of the underground line was successful in preventing any overflows. Id. Third, the Peach Street Diversion Project has been installed and is completely operational. (Second Supp. Aff. of G. Riedesel, ¶ 2).[2] Based upon these facts, MTSA and Millcreek have completely eliminated the prospect of future overflows from those two locations. Accordingly, Plaintiffs' claims for injunctive relief and civil penalties from those two locations are moot. There is nothing further this Court could order MTSA and Millcreek to do to stop the alleged violations (which in fact have not occurred in nearly 29 months -- 5 months before Plaintiffs even filed suit!). In addition, civil penalties for these alleged violations will achieve no purpose as MTSA and Millcreek have completed the work and have already paid civil penalties for those overflows to ensure deterrence.

MTSA and Millcreek also point out that they continue to make progress on the construction of the overflow retention tank project that will enable them to remove the overflow from the Kearsarge Pump Station. On May 15, 2006, construction of the overflow retention tank project began. (Second Supp. Aff. of G. Riedesel, ¶ 12). As of the end of January 2007, the work on the overflow retention tank project has progressed as follows: construction on one of the two tanks is completed, significant progress on the construction on the second tank has occurred and it should be completed early in February 2007, and most of the other major components of the project have been completed, except for the forward pump replacement, which will be completed shortly, and the project is expected to be ready for startup and testing in

---

[2] This project was completed for a cost of $217,398.13. (Second Supp. Aff. of G. Riedesel, ¶ 3). This was significantly higher than the original estimated cost of $129,000.00. (Aff. of G. Riedesel, ¶ 28).

late February/early March 2007.  (Second Supp. Aff. of G. Riedesel, ¶ 13).  The photographs attached to the Second Supplemental Affidavit of George Riedesel confirm the significant progress that has been made.  (Second Supp. Aff. of G. Riedesel, ¶¶ 14-17, Exhibits 1, 2, 3 and 4).  Under the current schedule, the overflow retention tanks and accompanying improvements to the Kearsarge Pump Station are to be completed and operational on or before March 26, 2007, as required by the 2003 COA, and the overflow at the Kearsarge Pump Station will be removed on or before April 25, 2007, as required by the 2003 COA.  (Second Supp. Aff. of G. Riedesel, ¶ 18).  Thus, the continuing efforts of MTSA and Millcreek to address the problems at the Kearsarge Pumping Station in accordance with the 2003 COA further support MTSA's and Millcreek's position that the injunctive relief and civil penalties sought by the Plaintiffs in this action are not appropriate.

III.    Conclusion

In conclusion, Defendants Millcreek Township Sewer Authority and Millcreek Township respectively ask this Court, based on the undisputed material facts presented in the original Motion and this Supplement to that Motion to grant Defendants' Motion for Summary Judgment against Plaintiffs Erie County Environmental Coalition, PennEnvironment, Inc. and the Gaia Defense League.  Defendants also reiterate their request to deny Plaintiffs' Motion for Summary Judgment for the reasons stated above and for the reasons stated in previous filings.

Respectfully submitted,

     s / Mark J. Shaw
Mark J. Shaw
PA50763
Robert E. Gandley
PA82524
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7607
(814) 454-4647 (Facsimile)
mshaw@mijb.com

Attorneys for Defendants
  Millcreek Township Sewer Authority
  and Millcreek Township

Dated:   February 16, 2007