IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL COALITION, et. al., <br>    Plaintiffs <br><br> v. <br><br> MILLCREEK TOWNSHIP SEWER AUTHORITY AND MILLCREEK TOWNSHIP, <br>    Defendants | CIVIL ACTION NO. 05-59 ERIE <br> ELECTRONICALLY FILED |

**SUPPLEMENTAL PLAINTIFFS' REPLY BRIEF TO
DEFENDANTS' SUPPLEMENTAL BRIEF
IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The Plaintiffs, Erie County Environmental Coalition, PennEnvironment, and the Gaia Defense League (hereinafter collectively known as "Plaintiffs"), by and through their attorneys, submit the following as their Supplemental Reply Brief in Response to Defendants' Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment:

**Introduction**

Defendants Millcreek has never contested or denied the fact that it has discharged pollutants into Walnut Creek without a National Pollution Discharge Elimination System Permit. Rather, Millcreek contends that its subsequent actions taken pursuant to its Consent Order and Agreement with Pennsylvania's Department of Environmental Protection precludes Plaintiffs from obtaining both injunctive relief and civil penalties for violations to the Clean Water Act ("CWA" or "Act"). Plaintiffs assert that both injunctive relief and civil penalties should still be imposed despite Defendants' improvements to the system, therefore, this Court should deny Millcreek's Motion and grant summary judgment in favor of Plaintiffs.

I.  **The Kearsarge Pumping Station continues to have the potential to experience overflows in violation of the Clean Water Act and Plaintiffs are therefore entitled to declaratory, injunctive and civil penalty relief.**

Defendants' subsequent actions are insufficient to render Plaintiffs' request for injunctive relief moot. There is still a potential for continuing overflows from the Kearsarge Pump Station, despite the fact that Millcreek has made improvements to the system served by the Kearsarge Pump Station since the filing of Plaintiffs' motion for summary judgment. At this point the improvements to the Kearsarge Pump Station have not been completed nor has the overflow for Kearsarge been removed. Therefore, there is still potential for discharge from Kearsarge. Because of this continuing potential for overflows, Millcreek continues to be in violation of the Clean Water Act. Violation of the CWA subjects violators to multiple enforcement actions including, declaratory judgments, injunctive relief and the imposition of civil penalties. Millcreek, in its supplemental brief, suggests that the continuing efforts by Millcreek to comply with the Consent Order and Agreement it entered into with Pennsylvania's Department of Environmental Protection including, the overflow retention project somehow forestalls the imposition of penalties for discharges and renders Plaintiffs' claims moot.

In a case where the defendant attempts to cure the challenged conduct prior to a decision by the court, the case can only become moot by the satisfaction of two factors: (1) if it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Natural Resources Defense Council v. Texaco Ref. & Mktg., 2 F.3d 493, 502 (3d Cir. 1993) (holding that claims for damages were not moot because an intervening NPDES permit eliminated any reasonable possibility that Defendant would continue to violate specified parameters); *see also* Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,

2

528 U.S. 167, 189 (2000). The defendant bears the burden of showing that "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Student Pub. Interest Research Group, Inc. v. Hercules, Inc., 2003 U.S. Dist. LEXIS 26779, at *44-45 (October 27, 2003). This burden has been described as a "formidable" burden to prove. Id. at *45.

At Kearsarge, Millcreek began construction of the overflow retention tanks on May 15, 2006 and as of January 2007 only one of two retention tanks was completed. Def. Supp. Br. at 4. In addition, the forward pump replacement was still not completed as of the time of Defendants' filing of the supplemental brief. Def. Supp. Br. at 4. Lastly, the overflow at the Kearsarge Pump Station has not been removed. Def. Supp. Br. at 5. Therefore, there is still a potential during a rain event for discharge of raw and/or inadequately treated sewage from the Kearsarge overflow.

Plaintiffs' case cannot be considered moot until Defendants have met the "formidable" burden of showing that "there is no reasonable expectation that the alleged violation will recur." Texaco, 2 F.3d at 502. Because the improvements to the Kearsarge Pump Station are still not completed, and it has not been demonstrated by Defendants that there is no reasonable expectation that the alleged violation will recur because the overflow remains in place, the Kearsarge Pump Station is still in violation of the CWA.

In addition, the improvements to the Millcreek system at 51st and 52nd Streets and Zimmerly Road; Larchmont and Beaver Streets; and Church and Patton and Pershing Streets, do not excuse the fact that Millcreek is still in violation of the Act. These aforementioned improvements to the system are too new to demonstrate that the discharges have been completely and irrevocably eradicated because the nature of the discharge events are intermittent and only

3

occur during certain rain events. Therefore, Plaintiffs are therefore entitled to declaratory, injunctive and civil penalty relief for all the claimed violations.

**II.    Plaintiffs are still entitled to an order requiring Millcreek to pay civil penalties for its violations of the Clean Water Act at multiple locations, including: 51st and 52nd Streets and Zimmerly Road, and Larchmont and Beaver Streets, and Church and Patton and Pershing Streets..**

Even if the Court determines that Plaintiffs are not entitled to injunctive relief for discharges from Kearsarge Pumping Station or the other overflows, Plaintiffs are still entitled to civil penalties for violations of the Act in accordance with 33 U.S.C. § 1319(d). The new improvements Defendants have asserted do not bar the imposition of civil penalties in this case under § 309(g) of the CWA. Under the Clean Water Act,

> The district courts **shall** have jurisdiction . . . to enforce such an effluent standard or limitation, or such an order … and to apply the appropriate civil penalties under section 1319(d) of this title.

33 U.S.C. §1365 (emphasis added). The mandatory language of the Act demonstrates that "once a citizen plaintiff establishes an ongoing violation of a parameter *at the time the complaint is filed*, the court is obliged to assess penalties for all proven violations of that parameter." Texaco, 2 F.3d at 503. In the Texaco case, the Court held that claims for damages were not moot even though an intervening NPDES permit eliminated any reasonable possibility that Defendant would continue to violate specified parameters. Id. at 502. The Court reasoned that by allowing a polluter "to escape all liability through post-complaint compliance is at odds with the mandatory language of section 1319(d)." Id.

Section 1319(d) of the CWA states the factors that courts *shall* consider in the determination of civil penalties, they are: the seriousness of the violation(s); the economic benefit resulting from such violation; any history of such violation; any good-faith efforts to comply with applicable requirements; the economic impact of the penalty on the violator; and

4

other matters as justice may require. 33 U.S.C. §1319(d); <u>Student Pub. Interest Research Group, Inc., v. Hercules Inc.</u>, C.A., No. 83-32-62, 1989 U.S. Dist. LEXIS 16901, at *4 (D.N.J. April 6, 1989).

This case presents over 15 years of "chronic" violations, with Millcreek having dumped millions of gallons of raw and/or inadequately treated sewage during wet weather events, including discharges from overflows at 51st and 52nd Streets and Zimmerly Road; and Larchmont and Beaver Streets; and Church and Patton and Pershing Streets. App. at 77, 81. This is done even though Millcreek has the capacity to discharge this sewage into the Erie Wastewater System for a fee. The fact that Millcreek is now making an effort to comply with applicable requirements after illegally constructing the Kearsarge overflow in the first place should *not* be weighed heavily when it is looked at in light of the previous 15 years of serious violations and refusal to comply with the applicable requirements, and therefore Defendants should be assessed appropriate civil penalties.

Additionally, Section 309(g) of the CWA can only bar citizen suit civil penalty actions in limited circumstances. Specifically, § 309(g)(6)(A) states:

> Action taken by the Administrator or Secretary, as the case may be, under this subsection shall not affect or limit the Administrator's or Secretary's authority to enforce any provision of this chapter; except that any violation –
> …
>
> (ii)   with respect to which a State has commenced and is diligently prosecuting an action under *a State law comparable to this subsection,* or
>
> (iii)  for which the Administrator, the Secretary, or the State has issued a final order not subject to further judicial review and th4e violator has paid a penalty assessed under this subsection, or *such comparable State law*, as the case may be.
>
> Shall not be the subject of a civil penalty action under subsection (d) of this section or section 1321(b) of this title or section 1365 of this title.

5

33 U.S.C. § 1319(g)(6) (emphasis added). Thus, in order for § 309(g)(6) to have any role in barring a citizens' suit for civil penalties, the State law must be comparable to § 309(g) itself. Millcreek cannot make this showing here. (*See supra* Plaintiffs' Response Brief at 3-14 for further discussion.)

Even if the Court finds the Pennsylvania Clean Streams Law comparable to the requirements of § 309(g) in some general sense, Plaintiffs' claims based on Millcreek's violations after October 31, 2003 are still not barred by that provision for two reasons. First, § 309(g)(6)(A) requires that the penalties assessed were in an action filed by the State under this subsection. Here, the penalties assessed after October 31, 2003 were pursuant to the 2003 Consent Order and Agreement, not the result of an action filed under § 309(g). Second, the post October 31, 2003 penalties do not satisfy the basic requirements of § 309(g)(2)-(5), 33 U.S.C. §§ 1319(g)(2)-(5), especially, § 309(g)(3)'s requirement that the penalty issued for a violation be tailored to that specific violation, and § 309(g)(4)'s requirement that there be public participation for penalties assessed.

Section 309(g)(4) requires public participation for a penalty assessed and contains specific procedures therein.  Millcreek proffers no evidence that such public participation took place for any of the post October 31, 2003 administrative penalties. Therefore, the stipulation of penalties for future discharges does not meet the public participation requirements of § 309(g). While it may have been convenient for DEP and Millcreek to simply set a flat amount for stipulated penalties in the 2003 COA, in doing so, DEP and Millcreek forfeited any claim under § 309(g). Thus, there was no compliance with § 309 and thus no bar to Plaintiff's suit. (*See supra* Plaintiffs' Resp. Br. at 3-14 for further discussion). This analysis is not impacted by Defendants' claim of mootness.

Therefore in accordance with § 309(g), mootness does not bar this citizen suit for civil penalties.

## **Conclusion**

The undisputed evidence continues to demonstrate that Millcreek acted contrary to the CWA in discharging raw and/or inadequately treated sewage into Walnut Creek without a permit. Because there are no genuine issues of material fact, Plaintiffs are entitled to summary judgment. Plaintiffs are entitled to declaratory judgment, injunctive relief, and civil penalties for the violations as set forth both in this brief and in Plaintiffs' Brief in Support of Summary Judgment and Responses thereto.


Respectfully submitted,


s//Jennifer A. Murphy
Jennifer A. Murphy, Esquire
PA90851
Rebecca C. Lafferty, Legal Intern
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE 19803-0474
(302) 477-2182
(302) 477-2032 (fax)
jamurphy@widener.edu
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document by electronic means utilizing the Court's CM/ECF system that will serve notice of electronic filing to Mark J. Shaw, Esq., McDonald, Illig, Jones & Britton, LLP, Attorney for Defendants on this 4th day of April, 2007.

    /s/ Jennifer A. Murphy
Jennifer A. Murphy
PA90851
Mid-Atlantic Environmental Law Center
4601 Concord Pike, P.O. Box 7474
Wilmington, DE  19803-0474
(302) 477-2181
(302) 477-2032 (fax)
jamurphy@widener.edu
Attorney for Plaintiffs