IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE COUNTY ENVIRONMENTAL COALITION, PENNENVIRONMENT, INC. and THE GAIA DEFENSE LEAGUE,<br>    Plaintiffs<br><br>    v.<br><br>MILLCREEK TOWNSHIP SEWER AUTHORITY AND MILLCREEK TOWNSHIP,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-59 ERIE<br>)  ELECTRONICALLY FILED<br>)<br>)  JUDGE COHILL<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO STRIKE MILLCREEK TOWNSHIP SEWER
AUTHORITY'S AND MILLCREEK TOWNSHIP'S SUR-REPLY BRIEF**

Defendants MILLCREEK TOWNSHIP SEWER AUTHORITY ("MTSA") and MILLCREEK TOWNSHIP ("Millcreek"), by and through their attorneys, MacDonald, Illig, Jones & Britton LLP, hereby file this Defendants' Response to Plaintiffs' Motion to Strike Millcreek Township Sewer Authority's and Millcreek Township's Sur-Reply Brief.

I.    <u>Defendants' Sur-Reply Brief Does Not Violate Local Rule 56.1(E)</u>.

Plaintiffs ask this Court to strike Defendants' Sur-Reply Brief in Response to Supplemental Plaintiffs' Reply to Defendants' Supplemental Brief in Opposition to Plaintiffs' Motion for Summary Judgment ("Sur-Reply Brief") and to strike the Third Supplemental Affidavit of George W. Riedesel ("Affidavit"), arguing that the filing violates Local

Rule 56.1(E)[1] of the Local Rules of the United States District Court for the Western District of Pennsylvania. Ultimately, Plaintiffs argue that Defendants' Sur-Reply Brief and Affidavit should be stricken because plaintiffs sought leave to file its Reply, and Defendants did not. This Court should reject Plaintiffs' Motion.

First, it is clear on its face that L.R. 56.1(C) does not apply to the briefing at issue here. These papers relate to a Motion to Supplement originally filed by Defendants, which this Court granted. L.R. 56.1(C) on its face applies to the initial brief of a summary judgment motion, not to the supplemental briefing at issue here. Thus the 15-day deadline does not apply.

Second, simply because Plaintiffs sought permission to file a reply brief to the Motion to Supplement does not automatically trigger such a requirement to enable Defendants to file a sur-reply brief. Plaintiffs cite no other basis to support their assertion that Defendants were required to seek leave of court to file its Sur-Reply and accompanying Affidavit. There is no fundamental unfairness as claimed by Plaintiffs. The Courts have the discretion to consider sur-replies and any materials submitted therewith. Here, given the unsupported factual assertions made by the Plaintiffs that were outside the scope necessary to reply to Defendants' Motion to Supplement, a sur-reply was necessary, especially to establish that the Plaintiffs' assertions were not true -- that, in fact, the overflow at the Kearsarge Pump Station was timely removed. Furthermore, Defendants did not unduly delay in filing its Sur-Reply to Plaintiffs' Reply. Therefore, this Court should deny Plaintiffs' Motion to Strike. Ultimately, if the Court believes leave to file the Sur-Reply was necessary, Defendants respectfully request such leave and

---

[1]    Plaintiffs miscite the Local Rule as 56.1(E), when it should be 56.1(C).

respectfully request that this Court grant Defendants the right to file their Sur-Reply and Affidavit.

Wherefore, Defendants MTSA and Millcreek respectfully request that Plaintiffs' Motion to Strike be denied.

Respectfully submitted,

    s / Mark J. Shaw
Mark J. Shaw
PA50763
Robert E. Gandley
PA82524
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7607
(814) 454-4647 (Facsimile)
mshaw@mijb.com

Attorneys for Defendants
   Millcreek Township Sewer Authority
   and Millcreek Township

Dated:   May 8, 2007

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2007, the foregoing Defendants' Response to Plaintiffs' Motion to Strike Millcreek Township Sewer Authority's and Millcreek Township's Sur-Reply Brief was filed electronically with the Clerk of Court using the Electronic Case Filing system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.

    s/Mark J. Shaw
Mark J. Shaw
PA 50763
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7607
(814) 454-4647 (facsimile)
mshaw@mijb.com (e-mail)